UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 3:10-CV-30192-MAP

| | |
|---|---|
| LUKE GELINAS, <br>     Plaintiff <br> <br> v. <br> <br> EDWARD BOISSELLE, TODD DINEEN, and DAVID GAGNE, in their individual capacities, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF THE DEFENDANTS, EDWARD BOISSELLE, TODD DINEEN AND DAVID GAGNE, TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendants, Edward Boisselle, Todd Dineen and David Gagne, answer the plaintiff's amended complaint, paragraph by paragraph, as follows:

### INTRODUCTION

1.    The defendants deny the allegations contained in the first sentence of paragraph 1 of the plaintiff's complaint and call upon the plaintiff to prove the same. The defendants admit the allegations contained in the second sentence of paragraph 1 of plaintiff's complaint except that a limitation was placed on comment pertaining to issues involving the death of Phoebe Prince. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 1 of plaintiff's complaint. The defendants admit that such statements contained in the fourth sentence of paragraph 1 of

479699v1

plaintiff's complaint were made, along with others, but deny that they are true. The defendants deny the allegations contained in the fifth sentence of paragraph 1 of the plaintiff's complaint and call upon the plaintiff to prove the same. The defendants deny the allegations contained in the sixth and seventh sentences of paragraph 1 of the plaintiff's complaint and call upon the plaintiff to prove the same. The defendants admit that Police Officers Todd Dineen and David Gagne escorted Mr. Gelinas when he refused to be silenced after being requested to do so. The defendants admit that the statement was made in the ninth sentence but deny that the ninth sentence of paragraph 1 of the plaintiff's complaint contains all of the information stated by Boisselle. The defendants deny the allegations contained in the tenth sentence of paragraph 1 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## JURISDICTION

2.     No response is required to paragraph 2 of the plaintiff's complaint since it pertains to jurisdiction.

## PARTIES

3.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

4.     The defendants admit the allegations contained in the first and second sentences of paragraph 4 of plaintiff's complaint. No response is required to the third sentence of paragraph 4 of plaintiff's complaint.

5.     The defendants admit the allegations contained in the first and second sentences of paragraph 5 of plaintiff's complaint. No response is required to the third sentence of paragraph 5 of plaintiff's complaint.

6. The defendants admit the allegations contained in the first and second sentences of paragraph 6 of plaintiff's complaint. No response is required to the third sentence of paragraph 6 of plaintiff's complaint.

7. The defendants admit the allegations contained in paragraph 7 of plaintiff's complaint, but further state that a limitation was placed on comment pertaining to issues involving the death of Phoebe Prince by the Chairman of the School Committee..

8. The defendants admit that the plaintiff handed out such a statement during the School Committee meeting as alleged in paragraph 8, but deny that the allegations are true.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's complaint.

10. The defendants admit that the agenda contains this information, but further state that a limitation was placed on comment pertaining to issues involving the death of Phoebe Prince by the Chairman of the School Committee.

11. The defendants admit the allegations contained in paragraph 11 of plaintiff's complaint.

12. The defendants admit that these statements were made, but deny that paragraph 12 contains all of the information that was stated by defendant Boisselle.

13. The defendants admit that these statements were made, but deny that they are in the correct order and deny that paragraph 13 contains all of the information that was stated by defendant Boisselle.

14. The defendants admit the allegations contained in paragraph 14 of plaintiff's complaint.

479699v1

15. The defendants admit that the plaintiff distributed copies of his written statement to the School Committee and possibly to others.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint and call upon the plaintiff to prove the same.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint and call upon the plaintiff to prove the same.

18. The defendants admit the allegations contained in the first sentence of paragraph 18 of plaintiff's complaint. The defendants admit that the statements contained in the second sentence were made, but deny that they are in the correct order and deny that the second sentence contains all of the information that was stated by defendant Boisselle. The defendants admit the allegations contained in the third sentence of paragraph 18 of plaintiff's complaint.

19. The defendants admit the allegations contained in paragraph 19 of plaintiff's complaint.

20. The defendants admit the allegations contained in paragraph 20 of plaintiff's complaint.

21. The defendants admit that the statements were made, but deny that paragraph 21 contains all of the information that was stated.

22. The defendants admit that the statements were made, but deny that paragraph 22 contains all of the information that was stated.

23. The defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint and call upon the plaintiff to prove the same.

24. The defendants admit that Police Officers Dineen and Gagne approached the plaintiff as alleged in the first sentence of paragraph 24 when he refused to honor the request of

479699v1

defendant Boisselle to stop talking. The defendants admit the allegations contained in the second sentence of paragraph 24 of plaintiff's complaint.

25. The defendants admit the allegations contained in paragraph 25 of plaintiff's complaint and further state that they did so after the plaintiff refused to stop speaking when asked to do so by defendant Boisselle.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's complaint.

27. The defendants admit the allegations contained in paragraph 27 of plaintiff's complaint, but deny that this was a requirement under M.G.L. c. 39, § 23C. Further answering, the defendants deny that defendants Dineen and Gagne removed plaintiff from the meeting.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint and call upon the plaintiff to prove the same.

29. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's complaint.

30. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's complaint.

31. The defendants admit that the statement contained in the first sentence was made, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 31 of plaintiff's complaint. The defendants admit that the statement contained in the second sentence was made, but state that it does not contain all of the information that was stated by defendant Boisselle.

32. The defendants admit that such statements were made, but deny that they are true.

479699v1

33. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's complaint.

34. The defendants admit the allegations contained in paragraph 34 of plaintiff's complaint.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint and call upon the plaintiff to prove the same.

36. The defendants admit the allegations contained in paragraph 36 of plaintiff's complaint. Further answering, the defendants state that placing a limitation on comment pertaining to issues involving the death of Phoebe Prince also constituted a valid viewpoint neutral content restriction.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint with respect to plaintiff's verbal and written statements at the School Committee Meeting and call upon the plaintiff to prove the same.

38. The defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint and call upon the plaintiff to prove the same.

39. No response is required to paragraph 39 of the plaintiff's complaint since it contains a conclusion of law whether correct or not.

40. The defendants admit that there had been publicity regarding the death of Phoebe Prince prior to April 14, 2010, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of plaintiff's complaint.

41. The defendants deny the allegations contained in paragraph 41 of the plaintiff's complaint and call upon the plaintiff to prove the same.

42. The defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint and call upon the plaintiff to prove the same.

43. No response is required to paragraph 43 of the plaintiff's complaint since it contains a conclusion of law whether correct or not.

44. No response is required to paragraph 44 of the plaintiff's complaint since it contains a conclusion of law whether correct or not.

45. The defendants deny the allegations contained in the first sentence of paragraph 45 of the plaintiff's complaint and call upon the plaintiff to prove the same. The defendants admit the allegations contained in the second sentence of paragraph 45 of plaintiff's complaint, but deny that this was a requirement under M.G.L. c. 39, § 23C.

46. The defendants state that no response is required to paragraph 46 of the plaintiff's complaint since it contains a conclusion of law. Further answering, the defendants deny that plaintiff's comments were within the bounds of the restrictions set at the public meeting and deny that his comments were protected by the First Amendment.

47. The defendants state that no response is required to paragraph 47 of the plaintiff's complaint since it contains a conclusion of law. Further answering, the defendants deny that plaintiff's comments were within the bounds of the restrictions set at the public meeting and deny that his comments were protected by the First Amendment.

48. The defendants state that no response is required to paragraph 48 of the plaintiff's complaint since it contains a conclusion of law. Further answering, the defendants deny that plaintiff's comments were within the bounds of the restrictions set at the public meeting and deny that his comments were protected by the First Amendment.

49. The defendants deny the allegations contained in paragraph 49 of the plaintiff's complaint and call upon the plaintiff to prove the same.

50. No response is required to the first sentence of paragraph 50 of the plaintiff's complaint since it contains a conclusion of law. The defendants deny the allegations contained in the second sentence of paragraph 50 of the plaintiff's complaint and call upon the plaintiff to prove the same. The defendants deny the allegations contained in the third sentence of paragraph 50 of the plaintiff's complaint and deny that they engaged in any such conduct. The defendants deny the allegations contained in the fourth, fifth, sixth, seventh and eighth sentences of paragraph 50 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT I

51. The defendants repeat and reallege their responses to paragraphs 1 through 50 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

52. The defendants deny the allegations contained in paragraph 52 of the plaintiff's complaint and call upon the plaintiff to prove the same.

53. The defendants deny the allegations contained in paragraph 53 of the plaintiff's complaint and call upon the plaintiff to prove the same.

54. The defendants deny the allegations contained in paragraph 54 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT II

55. The defendants deny the allegations contained in paragraph 55 of the plaintiff's complaint and call upon the plaintiff to prove the same.

56. The defendants deny the allegations contained in paragraph 56 of the plaintiff's complaint and call upon the plaintiff to prove the same.

57. The defendants deny the allegations contained in paragraph 57 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT III

58. The defendants repeat and reallege their responses to paragraphs 1 through 57 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

59. The defendants deny the allegations contained in paragraph 59 of the plaintiff's complaint and call upon the plaintiff to prove the same.

60. The defendants deny the allegations contained in paragraph 60 of the plaintiff's complaint and call upon the plaintiff to prove the same.

61. The defendants deny the allegations contained in paragraph 61 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## THIRD DEFENSE

By way of affirmative defense, the plaintiff's claim must fail since the defendants were, at all times, advancing significant and legitimate town interests and the incidental restriction on the plaintiff's alleged First Amendment freedoms is no greater than is essential to the furtherance of those interests.

## FOURTH DEFENSE

By way of affirmative defense, the defendants states that the plaintiff's claim for alleged violation of his right to free expression must fail since he did not have a right to make false claims.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for alleged violation of his right to free expression must fail since his conduct did not amount to a constitutional right.

## SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since a substantial amount of legitimate speech was not chilled by the restriction set forth by defendant Boisselle.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since speech may be restricted to a reasonable time, place and manner.

## EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the restriction to not speak about issues involving the death of a South Hadley High School student was narrowly tailored to serve a significant government interest and left open ample alternative channels for communication of the information.

## NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' reliance on existing law was objectively reasonable.

## TENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions were in accordance with the Family Educational Rights and Privacy Act ("FERPA").

## ELEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions were taken to protect the privacy rights of a South Hadley High School student and her family.

479699v1

## TWELFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since he did not have a constitutional or statutory right to openly discuss private information about a South Hadley High School student and her family during a School Committee meeting.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants state that reasonable persons would not have been aware that their actions violated the plaintiff's rights, if in fact they did, given the request made on behalf of the South Hadley High School student's family that no personal information be disclosed about the student, and given the provisions of M.G.L. c. 39, § 23C and given the provisions of FERPA.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants complied with the open meeting law, M.G.L. c. 39, § 23C.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public safety.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to M.G.L. c. 12, §11I must fail since they did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their

actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

### EIGHTEENTH DEFENSE

By way of affirmative defense, the defendants state that they are immune from suit because of the doctrine of qualified immunity.

### NINETEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under 42 U.S.C. §1983 or M.G.L. c. 12, §11I.

### TWENTIETH DEFENSE

By way of affirmative defense, the defendants state that their actions and conduct were reasonable under the circumstances.

### TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that there is no evidence that defendants' conduct was extreme or outrageous.

### TWENTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that they were privileged in their conduct and acts and that, therefore, the plaintiff cannot recover.

### TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

479699v1

## TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants had no ulterior or illegitimate purpose.

## TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim is barred since there is no evidence that the defendants acted recklessly or with callous indifference to the plaintiff's rights.

## TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state the alleged actions of the defendants were not calculated to cause damage to the plaintiff.

## TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions, at all times, were required in the interest of the public and the means used by the defendants were reasonably necessary for the accomplishment of this purpose and not unduly oppressive upon the plaintiff.

## TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that their conduct was not arbitrary and capricious.

## TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since he did not experience an arbitrary deprivation of a fundamental right or liberty interest by the defendants and there was no abuse of power that shocks the conscience.

479699v1

## THIRTIETH DEFENSE

By way of affirmative defense, the defendants state that punitive damages are not recoverable under M.G.L. c. 12, § 11I.

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, cannot recover in this action.

## THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to recover because of his failure to mitigate damages.

## THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since he is unable to show that he incurred actual damages.

## THIRTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants' actions were based on good cause.

## THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state the plaintiff is estopped from recovering in this action by way of his own failure to cooperate.

## THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to punitive damages.

479699v1

## THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since no seizure occurred.

## THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since he did not have permission to speak at the School Committee meeting once defendant Boisselle ordered that he be silent. M.G.L. c. 39, § 23C.

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY.

> The Defendants
> Edward Boisselle, Todd Dineen and
> David Gagne
>
> By Their Attorneys
> MORRISON MAHONEY LLP
>
>   /s/ Carole Sakowski Lynch
> Carole Sakowski Lynch, BBO#547718
> 1500 Main Street, Suite 2400
> P.O. Box 15387
> Springfield, MA  01115-5387
> (413) 737-4373
> (413) 739-3125 (Fax)
> clynch@morrisonmahoney.com

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on  November 4, 2010.

>   /s/  Carole Sakowski Lynch
> Carole Sakowski Lynch, BBO#547718

479699v1