UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 3:10-CV-30192-MAP

| | |
|---|---|
| LUKE GELINAS, | ) |
|      Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD BOISSELLE, TODD DINEEN, | ) |
| and DAVID GAGNE, in their individual | ) |
| capacities, | ) |
|      Defendants | ) |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)

The parties file the following joint statement in accordance with the Notice of Scheduling Conference, dated November 15, 2010, Fed. R. Civ. P. 26 and Local Rule 16.1 of the United States District Court of Massachusetts.

### Plaintiff's Introduction

This is a civil rights action for First and Fourth Amendment violations brought under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G.L. ch. 12, §11I.  Plaintiff seeks money damages for being unlawfully silenced and ejected from a South Hadley School Committee meeting following his criticism of school officials for their handling of the events surrounding Phoebe Prince's suicide.  Defendant Edward Boisselle, the chairperson of the school committee and the public meeting, silenced Mr. Gelinas when he spoke critically of school officials during the public comment portion of the meeting.  Defendants Todd Dineen and David Gagne, both South Hadley police officers, physically removed Mr. Gelinas from the public meeting. The video shows they lacked probable cause for this seizure.

The School Committee meeting was videotaped. The parties have an audio-video record of the incident. Plaintiff proposes promptly resolving the legal issues presented in this case on cross motions for summary judgment. Thus plaintiff suggests a short discovery period leading to an agreed upon transcript of the relevant portion of the meeting followed by motions for summary judgment. Resolution of the liability issue is likely to lead to resolution of the damages issue without incurring a large attorney's fees bill under 42 U.S.C. Sec. 1988.[1]

### Defendants' Introduction

The defendants deny each of the plaintiff's allegations.  It is the defendants' position that it had the right to set a reasonable time -- in this case three minutes – for members of the public to speak at the South Hadley School Committee meeting.  The plaintiff was not denied this amount of time.  In fact, he exceeded it.  It was for that reason, and the fact that he was speaking publically about private issues involving Phoebe Prince, that the School Committee Chairperson, Edward Boisselle, asked him to stop speaking.  It is important to note that prior to the meeting, the South Hadley School Committee had received a letter from the attorneys for the Prince Family asking that the South Hadley Public Schools "cease and desist from any further comment, discussion, interviews, meetings, web postings or any other public communications regarding the facts and circumstances surrounding the death of Phoebe Prince."  In addition, based on comments made by the plaintiff early in his verbal statement, as well as the written statement that the plaintiff handed out prior to beginning to speak, Mr. Boisselle was concerned that Phoebe Prince's privacy rights and those of the Prince Family would be violated if the plaintiff was allowed to continue reading his statement.  In particular, Mr. Boisselle was concerned about the Family Educational Rights and Privacy Act ("FERPA").  Because the

---

1 Compensatory damages are for emotional distress. If the case cannot be settled, Plaintiff will need discovery on the punitive damages issues.

plaintiff did not appear to want to honor the request that he stop speaking when asked, and because he appeared to be disruptive afterward, Officers Dineen and Gagne were justified in escorting him from the room.

The defendants wish to have the opportunity to file a motion for summary judgment and, therefore, agree that discovery should only occur on the issue of liability at this time.

## PLAINTIFF'S PROPOSED DISCOVERY SCHEDULE

1.     **Pre-Discovery Disclosures**

The Plaintiff will provide the Defendants with the information required by Fed.R.Civ.P.26(a)(1) on or before December 20, 2010.

2.     **Proposed Discovery Schedule**

a.     Plaintiff's Proposal

Plaintiff views this as a case in which liability will be resolved on summary judgment. Most of the factual allegations in the complaint were admitted, the other material facts relating to liability are contained in the video. Plaintiff proposes phasing discovery under Local Rule 26.3 so that the initial discovery will be limited to liability.

i.     Phase One: Liability Discovery

(1)     All discovery relating to liability will be completed by March 4, 2011.

(2)     The parties will agree on a transcript of the of the April 14, 2010 South Hadley School Committee meeting by January, 21 2011.

ii.     Dispositive motions

(1)     The parties will file motions for summary judgment on or before April 8, 2011.

(2)     Oppositions to dispositive motions will be filed within forty-five days after service.

iii.     Phase Two: Damages Discovery

After the court's decision on summary judgment, the parties will meet to attempt to resolve the damages issues. The court will set a further scheduling conference four weeks after its decision on summary judgment to adopt a schedule for damages discovery should the parties be unable to settle the case. This phase will include discovery directed to compensatory and punitive damages.

## DEFENDANTS' PROPOSED DISCOVERY SCHEDULE

### PHASE I

The defendants propose that Phase 1 of the discovery process in this case focus on liability and include the exchange of written discovery between the parties, pursuant to Federal Rule of Civil Procedure 26(a), and all non-expert depositions necessary to develop information to support a motion for summary judgment.

The defendants propose that they be allowed to conduct the following discovery during Phase I.

1.      Initial disclosures to be made by January 14, 2011;

2.      Initial written discovery requests to be served by February 14, 2011;

3.      Non-expert depositions to be completed by May 16, 2011;

### PHASE II

Depending on the outcome of the cross motions for summary judgment, the defendants request that a status conference be scheduled to determine whether expert discovery is needed and to schedule deadlines for discovery on damages, if applicable.

**3.      Claims of Privilege**

Any party claiming privilege for a document will list every claimed privilege and will produce a privilege log.

4

4.      **Consent to a Magistrate Judge**

The parties consent to trial by the Magistrate Judge.

5.      **Certifications**

Plaintiff and defendants have filed their certifications as required by Local Rule 16.1.

The Plaintiff,                                       The Defendants
Luke Gelinas                                        Edward Boisselle, Todd Dineen and
                                                    David Gagne


____/s/Howard Friedman_____              _____/s/Carole Sakowski Lynch_____
Howard Friedman, Esq.                          Carole Sakowski Lynch, BBO#547718
Law Offices of Howard Friedman, PC             Morrison Mahoney LLP
90 Canal Street, 5th Floor                     1500 Main Street, Suite 2400
Boston, MA  02114-2022                         P.O. Box 15387
(617) 742-4100                                 Springfield, MA  01115-5387
(617) 742-5858                                 (413) 737-4373
hfriedman@civil-rights-law.com                 (413) 739-3125 (Fax)
                                               clynch@morrisonmahoney.com

                                               Attorney for the Defendant
                                               David Gagne


                                               _____/s/Andrew J. Gambaccini_____
                                               Andrew J. Gambaccini, BBO# 654690
                                               Reardon, Joyce & Akerson, P.C.
                                               4 Lancaster Terrace
                                               Worcester, MA  01609
                                               (508) 754-7285
                                               (508) 754-7220 (fax)
                                               agambaccini@rja-law.com


I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 16, 2010.

                                               _____/s/ Carole Sakowski Lynch_____
                                               Carole Sakowski Lynch, BBO#547718

484015v1